Marianne Dugan (OSB # 93256)
Internet e-mail address mdugan@ecoisp.com
Facaros & Dugan
485 E. 13th Ave.
Eugene, OR 97401
(541) 484-4004
Fax no. (541) 686-2972
       Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WESTERN RADIO SERVICES CO., an Oregon corporation; and RICHARD L. OBERDORFER, | No. 04-01346-HA |
| Plaintiffs, | |
| | PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS |
| v. | |
| UNITED STATES FOREST SERVICE; LARRY TIMCHAK; JIM McMILLIN; BOB ROCK; KRISTEN BAIL; JIM SAUSER; and DIANA HSIEH, | |
| Defendants, | |

_____

       Plaintiffs hereby respond in objection to defendants' motion to dismiss.

## I.    LEGAL STANDARD

       Defendants argue that, on a motion to dismiss, "[f]actual allegations may be disregarded

. . . if contradicted by documents to which the District Court may properly refer."  Defs' Br. at 5.

However, the case cited by defendants for this proposition merely explains that it is appropriate

PAGE 1 - PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS

for the Court to review documents which were attached to the complaint and incorporated by reference therein.  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987) (citing Amfac Mortgage Corp. v. Arizona Mall of Tempe, Inc., 583 F.2d 426, 429 (9th Cir. 1978)).  No documents were attached to the complaint in the instant case, so this proposition is irrelevant to defendants' motion to dismiss.

Defendants' assertion that the court may look to prior litigation between the parties is equally irrelevant.  The prior litigation between the parties sheds no light on any of the legal issues presented by defendants.

Plaintiffs have no disagreement with the legal standard set forth by defendants regarding motions to dismiss.  Plaintiffs would add, however, that under the liberal Federal notice pleading approach, the purpose of the pleadings is to provide the opposing party with fair notice of the claim against it.  See, e.g., Shelter Mutual Ins. Co. v. Public Water Supply Dist. No. 7, 747 F.2d 1195, 1197 (8th Cir. 1984); Senter v. General Motors Corp., 532 F.2d 511, 522 (6th Cir.), cert. denied, 429 U.S. 870, 97 S. Ct. 182, 50 L. Ed. 2d 150 (1976).  The Federal Rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."  Usery v. Marquette Cement Mfg. Co., 568 F.2d 902, 906 (2d Cir. 1977) (quoting United States v. Hougham, 364 U.S. 310, 317, 5 L. Ed. 2d 8, 81 S. Ct. 13 (1960)).  Courts should construe pleadings liberally so as to do substantial justice, see, e.g., Scherping v. Commissioner, 747 F.2d 478, 480 (8th Cir. 1984); Planned Parenthood Ass'n of Utah v. Schweiker, 226 U.S. App. D.C. 139, 700 F.2d 710, 720 (D.C. Cir. 1983), and should do so, if possible, in favor of the plaintiff.  Sennett v. Oppenheimer & Co., Inc., 502 F. Supp. 939, 942 (N.D. Ill. 1980); see also

Herceg v. Hustler Magazine, Inc., 583 F. Supp. 1566, 1567 (S.D. Tex. 1984).

If the Court finds that plaintiffs has insufficiently pled either how each defendant violated plaintiffs' civil rights, or the nature of those violations, plaintiffs request leave to amend their complaint, pursuant to Fed. R. Civ. Proc. 15(a). The Supreme Court has determined that leave to amend should be "freely given" in the absence of reasons such as bad faith, undue delay, dilative motive by moving party, and undue prejudice. Foman v. Davis, 371 U.S. 178, 182 (1962) (district court abused its discretion in refusing to permit plaintiff to amend the complaint). In the Ninth Circuit it is an abuse of discretion to deny leave to amend in the absence of any of the above reasons. Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983).

## II.    PLAINTIFFS HAVE PROPERLY ALLEGED CLAIMS AGAINST EACH INDIVIDUAL DEFENDANT

Defendants argue that plaintiffs must set forth what each of them did to violate plaintiffs' rights. Under the liberal notice pleading rules, plaintiffs have been more than adequately specific.

It is true, of course, that in order for a person to be liable under Bivens (as for 42 U.S.C. § 1983), there must be a showing of personal participation in the alleged rights deprivation. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978) (rejecting the concept of *respondeat superior* liability in the section 1983 context and requiring individual liability for the constitutional violation). However, in situations such as those presented in the instant case, where a number of people have each contributed to the violation of the plaintiffs' rights, it is inappropriate to dismiss the claims at the pleading stage and generally is inappropriate to dismiss even at the summary judgment stage, if there is some evidence regarding each defendants' acts and omissions.

PAGE 3 - PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS

The burden on the plaintiff to demonstrate each defendant's participation is not as heavy as defendants would have the court make it. The issue of who were the actual decision-makers is generally for the jury to decide after reviewing the evidence. Where there is a "team" effort, even if the plaintiff cannot identify precisely which government employee did which specific unlawful act, the plaintiff may present his or her case to the jury once he has developed and presented sufficient evidence from which a jury could infer that the individual employees who dealt with the plaintiff participated in the violations. Lolli v. County of Orange, 351 F.3d 410 (9th Cir. 2003). While each defendant must have had some "integral participation" in the violation of the plaintiff's constitutional rights, that "does not require that each [employee's] actions themselves rise to the level of a constitutional violation." Boyd v. Benton County, 374 F.3d 773 (9th Cir. 2004). For example, in James ex rel. James v. Sadler, 909 F.2d 834 (5th Cir. 1990), the court held that officers who provided armed backup during an unconstitutional search were "integral" to that search, and were therefore participants rather than mere bystanders. Id. at 837. Thus, in Boyd, each officer who stood armed behind the lead officer while he reached into the doorway and deployed a flash-bang device, and "who were aware of the decision to use the flash-bang, did not object to it, and participated in the search operation knowing the flash-bang was to be deployed," could be held liable for violating the plaintiff's civil rights.

Whether an individual defendant exercised *de facto* control over the government actions which harmed plaintiff is a jury question, not appropriate for a motion to dismiss or summary judgment. Alpha Energy Savers, Inc. v. Hansen, 381 F.3d 917, n.8 (9th Cir. 2004). "[A] subordinate cannot use the nonretaliatory motive of a superior as a shield against liability if that superior never would have [acted adversely] but for the subordinate's retaliatory conduct."

PAGE 4 - PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS

Strahan v. Kirkland, 287 F.3d 821, 826 (9th Cir. 2002) (quoting Gilbrook v. City of Westminster, 177 F.3d 839, 854-55 (9th Cir. 1999)).

"A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Jones v. Williams, 297 F.3d 930 (9th Cir. 2002). A supervisor can be liable under the civil rights laws if he "set[s] in motion a series of acts by others . . . , which he knew or reasonably should have known, would cause others to inflict the constitutional injury." Graves v. City of Coeur D'Alene, 339 F.3d 828, 848 (9th Cir. 2003) (liability of superior officer was jury question). See also Motley v. Parks, 383 F.3d 1058 (9th Cir. 2004) (same, citing Graves). "Supervisory liability may be found in civil rights actions even if the supervisors in question are not directly involved in the acts leading to the constitutional deprivation.." Mena v. City of Simi Valley, 332 F.3d 1255, 1270 n.19 (9th Cir. 2003).

A public employee's acquiescence and failure to intervene to protect a citizen's civil rights may also lead to liability on the part of that employee. Motley v. Parks, 383 F.3d 1058 (9th Cir. 2004); Lolli v. County of Orange, 351 F.3d 410 (9th Cir. 2003); United States v. Koon, 34 F.3d 1416, 1447 n.25 (9th Cir. 1994); Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995); O'Neill v. Krzeminski, 839 F.2d 9, 11 (2d Cir. 1988).

In the instant case, plaintiffs have set forth in great detail exactly who did what, when, to the extent of their knowledge at this time. McMillin's involvement is discussed in paragraphs 20 and 21. Rock's involvement is discussed in paragraphs 21, 22-26, 28, 38, 41, and 57. Timchak's involvement is discussed in paragraphs 31, 34, 46, 54, 57, and 59. Bail's involvement is

discussed in paragraphs 29-31, 34, 38-43, 46, 49-52, 54-58, and 60.  Sauser's involvement is

discussed in paragraphs 30-33.  Hsieh's involvement is discussed in paragraphs 33-48, 54, 56,

57.

The inaction of all defendants -- which is a key issue -- is discussed throughout the complaint

and summed up in paragraphs 27 and 61.  In paragraphs 13 and 62 plaintiffs properly alleged

that those alleged acts and inactions of each individual defendant violated plaintiffs' civil rights.

In addition, Paragraph 27 explains that the defendants deleted from the Forest's list of

proposed actions the Gray Butte Electric Site Management Plan Update (which was to have

included plaintiffs' side hill antenna relocation).  While it will be unclear until discovery is

completed which one or more of the individual defendants made that decision -- and perhaps

even then may remain a jury question -- this situation is clearly akin to the team efforts discussed

in the cases cited supra.  Under the standards set forth in that case law it would be inappropriate

to dismiss any individuals at this time.

### III.    PLAINTIFFS PROPERLY ALLEGED COGNIZABLE CLAIMS FOR RELIEF

Defendants assert that plaintiffs have not stated a claim on which relief can be granted,

even if their allegations are all taken as true and each defendant's actions and omissions were

properly pled.  That assertion is groundless.

The law has been clear for years that if a plaintiff alleges that government defendants

retaliated against him due to his filing of lawsuits, that properly states a claim for deprivation of

First Amendment rights.  The fact that the plaintiff happens to have business interests at stake

does not deprive the plaintiff of his First Amendment rights.  In Soranno's Gasco v. Morgan, the

plaintiffs were a petroleum corporation and its principals, who sued the county, air pollution

control district, and employees alleging that suspension of a petroleum bulk permit was in retaliation for the exercise of First Amendment rights.  874 F.2d 1310 (9th Cir. 1989).  The court separately analyzed the plaintiffs' claim of retaliation for public speech against the officials and the claim of retaliation for plaintiff's lawsuit that challenged the agencies' vapor recovery regulations.  The Ninth Circuit reversed the district court's granting of summary judgment for the defendants, holding that both types of activities were protected by the First Amendment, and that there was a genuine issue of material fact as to whether the suspension of the permits was in retaliation for the plaintiffs' exercise of First Amendment rights.

The Soranno's court first noted that the plaintiffs "need not establish a legally protected interest in the permits themselves."  Id. at 1314.  This has been echoed numerous times by the courts in the context of retaliation claims.  See, e.g., Thomas v. Carpenter, 881 F.2d 828 (9th Cir. 1989).

In discussing the litigation-related part of the retaliation claim, the Soranno's court noted: "The right of access to the courts is subsumed under the first amendment right to petition the government for redress of grievances. . . . Deliberate retaliation by state actors against an individual's exercise of this right is actionable under section 1983."  Id. (citations omitted).

As demonstrated by the Soranno's case, a lawsuit need not involve a "public interest" or "political" issue to be protected by the First Amendment.  See also Welch v. Paicos, 66 F. Supp. 2d 138 (xxx) (real estate developer allowed to proceed to jury on section 1983 claim against town and its officials for delaying vote on his application for modification of a comprehensive permit for a housing project).

Plaintiffs properly alleged violations of their constitutional rights.  Defendants' refusal to

PAGE 7 - PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS

process plaintiffs' permit requests have economically harmed plaintiffs.  If the jury finds that

these actions and inactions were done in retaliation against plaintiffs' decisions to sue the Forest

Service several times, a claim has been properly stated and proven.

## IV.    PLAINTIFFS' COMPLAINT WAS FILED WITHIN THE STATUTE OF LIMITATIONS

Regarding the statute of limitation, defendants cite the court's decision in a previous case

involving Western Radio and Forest Service employees.  The findings in that case are not

relevant to the instant complaint.  As even a cursory review of plaintiffs' complaint makes clear

(especially paragraphs 23 through 61), this is a new case alleging a new series of acts and

omissions beginning in the fall of 2002 and extending to the present.  Plaintiffs are not

attempting to bootstrap older events into this lawsuit.  The defendants' retaliatory acts and

omissions against plaintiffs regarding Gray Butte which are the subject of this complaint began

in the fall of 2002.  While defendants would clearly like the decision in the prior case to bar

plaintiffs <u>forever</u> from suing them, that is not how statutes of limitations work.  A defendant who

successfully escapes liability for older harms inflicted upon someone cannot use that decision as

a shield when it inflicts new harms.

Respectfully submitted February 24, 2005.

FACAROS & DUGAN


<u>/s/ Marianne Dugan</u>
Marianne Dugan, OSB # 93256
Attorney for Plaintiffs
485 E. 13th. Ave.
Eugene, Oregon 97401
(541) 484-4004


PAGE 8 - PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS