IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WESTERN RADIO SERVICES CO., an Oregon corporation; and RICHARD L. OBERDORFER, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES FOREST SERVICE; LARRY TIMCHAK; JIM McMILLIN; BOB ROCK; KRISTEN BAIL; JIM SAUSER; and DIANA HSIEH, <br><br> Defendants. | Civ. No. 04-1346-AA <br><br> OPINION AND ORDER |

Marianne Dugan
Facaros & Dugan
485 E. 13th Avenue
Eugene, OR 97401
    Attorney for plaintiffs

Karin J. Immergut
United States Attorney, District of Oregon
Kenneth C. Bauman
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204
    Attorneys for defendant

AIKEN, Judge:

Plaintiffs filed suit in this court against the United States Forest Service and six named defendants for violation of plaintiffs' First Amendment rights under <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), and for unlawfully withholding agency action under the National Forest Management Act (NFMA), 16 U.S.C. 497, in violation of the Administrative Procedures Act (APA), 5 U.S.C. 706. The six named defendants moved to dismiss plaintiffs' <u>Bivens</u> claim under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Defendants' motion pertains only to the <u>Bivens</u> claim against the six named defendants; therefore, this opinion does not address the NFMA or APA claims alleged against the United States Forest Service.

## BACKGROUND

Plaintiffs Western Radio Services Company, Inc. (Western Radio) through its sole owner, Richard Oberdorfer, operate a commercial radio communications service headquartered in Bend, Oregon, with a communication facility located on Gray Butte. Gray Butte is land within the Ochoco National Forest and administered by the United States Forest Service (Forest Service). Western Radio operates the Gray Butte communications facility pursuant to special use permits issued by the Forest Service.

Beginning in 1986, Western Radio filed numerous administrative appeals and lawsuits to contest adverse permitting and leasing

decisions involving its communications sites. Plaintiffs allege that prior to suing the Forest Service, Western Radio generally "experienced good relationships" with Forest Service personnel and found their permit decisions to be "even-handed." Complaint, p. 3. However, plaintiffs contend that once Western Radio commenced litigation against the Forest Service, defendants implemented a plan or policy to punish Western Radio for its lawsuits. Plaintiffs allege that the Forest Service systematically denied Western Radio permits and other Forest Service authorizations while simultaneous granting advantages to Western Radio's competitors.

Plaintiffs' complaint includes lengthy, detailed descriptions of events purportedly related to this action; however, this opinion will summarize the most relevant facts alleged.

In January 1991, Western Radio submitted an application for a new special use permit to relocate existing antennas on the Gray Butte site to avoid interference with other facilities owned by Slater Communications. In 1996, after lengthy negotiations, the facility owners on Gray Butte agreed to a site plan revision. In 1998, the Forest Service requested that Western Radio amend its 1991 permit application to reflect concerns about antenna spacing. Plaintiffs allege that Western Radio complied with this request, but that the Forest Service denied Western Radio's application and administrative appeal.

In 1999, however, then-District Ranger Byron Cheney withdrew the denial and stated that he wanted to analyze and update the Gray

3 - OPINION AND ORDER

Butte site plan before making a final decision on Western Radio's application.

In August 2002, the Forest Service conducted an inspection of the Gray Butte site. Prior to the inspection, Oberdorfer notified defendant McMillin of noncompliance with the Gray Butte site plan by other facility owners and shared his concerns about lack of owner involvement in the inspections and the lack of action on his 1991 permit.

On September 23, 2002, defendant Rock notified Oberdorfer that there were no problems with the other facility owners but that there were three problems with Western Radio's facilities. Plaintiffs allege that Oberdorfer responded to defendant Rock's concerns and continued to express his own concerns in four separate communications but received no response.

On February 21, 2003, plaintiffs allege that the Forest Service issued a list of proposed actions in the Ochoco National Forest. Through the actions list, the Forest Service indicated that it would no longer proceed with the Gray Butte Electric Site Management Plan Update, which included the relocation of Western Radio's side hill antenna as requested in the 1991 application.

Shortly thereafter, defendant Bail assumed defendant Rock's position at the Forest Service. Plaintiffs allege a series of communications over the course of the following year with Oberdorfer and defendants Bail, Sauser, Timchak, and Hsieh. Most of these communications involved the compliance (or non-compliance)

4    - OPINION AND ORDER

of other Grey Butte facility owners or the problems with Western Radio's site identified in the 2002 inspection, although plaintiffs also allegedly requested action or information regarding Western Radio's 1991 application.

Plaintiffs allege that the named Forest Service employees continued to delay processing Western Radio's 1991 permit application by passing responsibility for the application to each other, repeatedly requesting the same information, and requesting new information that plaintiffs did not believe was necessary.

On April 15, 2004, defendant Bail wrote to Oberdorfer that the Forest Service was processing the application "through [their] normal 'screening criteria,' which is outlined in [the] Forest Service Handbook." Complaint, ¶ 60. Plaintiffs allege that defendants have taken no further action to move forward on the 1991 application.

Plaintiffs assert a <u>Bivens</u> action against the six named defendants, alleging that their actions and omissions were wanton, wilful, or in deliberate disregard of plaintiffs' First Amendment rights. Plaintiffs allege damages for loss of income and profits, loss of goodwill, mental anguish, emotional distress, depression, stress, anxiety, and humiliation.

## STANDARD

A motion to dismiss under Rule 12(b)(6) tests whether the plaintiff has properly stated a claim, not whether the plaintiff will prevail on the merits. Fed. R. Civ. P. 12(b)(6); <u>Scheuer v.</u>

5    - OPINION AND ORDER

Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds*, Davis v. Scherer, 468 U.S. 183 (1984). The motion will be granted if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248 (9th Cir. 1997) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Review is normally limited to the contents of the complaint. Gilligan, 108 F.3d at 248. All allegations of material fact are taken as true and viewed in the light most favorable to the non-moving party. Id. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998).

## DISCUSSION

The six named defendants move to dismiss plaintiffs' Bivens claim under Rule 12(b)(6), because plaintiffs fail to allege with certainty a cognizable theory in support of their First Amendment claim.

The named defendants construe plaintiffs' First Amendment claim as one for conspiracy to deprive plaintiffs of their rights to seek redress from the government. Accordingly, defendants argue that plaintiffs fail to state a claim, because their attempts to secure a special use permit is not protected speech under the First Amendment. Defendants rely upon WMX Technologies, Inc. v. Miller, 197 F.3d 367, 369 (9th Cir. 1999) (*en banc*), in which a company

trying to secure a permit to develop a landfill site sued the San Diego County attorney under 42 U.S.C. §1983. The court held that:

> Waste Management of California, Inc's application for a major use permit is not equivalent to a petition to the Government for redress of grievances under the First Amendment. The protections afforded by the Petition Clause have been limited by the Supreme Court to situations where an individual's associational or speech interests are also implicated.

Id. at 372 (citations omitted). Defendants argue that similar to WMX Technologies, Western Radio's associational or speech interests were not implicated by plaintiffs' application for a use permit.

I find that defendants' argument would be persuasive if plaintiffs were, in fact, pursuing their Bivens claim under a theory of conspiracy to violate plaintiffs' First Amendment rights. Based on the allegations contained in the complaint, defendants were not unreasonable in assuming that plaintiffs were relying on a conspiracy theory. Indeed, plaintiffs merely recite a series of events and then make the conclusory allegation that the actions, inactions, and omissions of the defendants violated plaintiffs' rights, without identifying how such rights were violated.

In response to defendants' motion, however, plaintiffs argue that they sufficiently plead specific facts to allege that each named Forest Service defendant participated in retaliating against plaintiffs for filing grievances, i.e., lawsuits, against the Forest Service. Plaintiffs contend that the omissions and inaction of all of the named defendants in response to plaintiffs' attempts to pursue the 1991 permit application support their claims of

7    - OPINION AND ORDER

retaliation.

Plaintiffs are correct that the filing of a lawsuit is a speech interest protected by the First Amendment. In Soranno's Gasco v. Morgan, 874 F.2d 1310 (9th Cir. 1989), the plaintiffs alleged that the "defendants' suspension of Gasco's bulk use permits was motivated by a desire to retaliate against Soranno for his public criticism of the defendants." Id. at 1314. The Ninth Circuit held that both the plaintiff's public speech against a public agency and the plaintiff's lawsuit against the agency were activities protected by the First Amendment. The court clarified that the plaintiffs "need not establish a legally protected interest in the permits themselves." Id. at 1314.

As in Sorrano's, plaintiffs' claim is apparently based on their First Amendment interests in filing suit against the Forest Service rather than in securing a Forest Service permit. Upon review of plaintiffs' allegations, I find this theory is a plausible one, and defendants filed no reply to the contrary. Therefore, WMX Technologies is inapposite; in that case, the plaintiff argued that the permit applications themselves constituted petitions of the government that should be protected. 197 F.3d at 372. Here, plaintiffs argue that it has engaged in protected speech by filing suit against the Forest Service, and that the Forest Service has retaliated against those grievances by delaying action on Western Radio's 1991, ignoring plaintiffs' complaints of non-compliance by competitors, and asserting non-

8    - OPINION AND ORDER

compliance by Western Radio for reasons that are not valid. See Soranno's, 874 F.2d at 1314 (to assert First Amendment retaliation, a plaintiff must protected conduct and retaliation by defendants).

The court would prefer that plaintiffs' argument be found in the form of allegations in their complaint. Therefore, while the court construes plaintiffs' complaint liberally and finds their Bivens claim is based on a cognizable claim for alleged violations of plaintiffs' protected speech interests, the court will require plaintiffs to amend their complaint and clarify the legal theories on which they rely.

Defendants also argue that plaintiffs fail to allege specific acts taken by the named defendants in furtherance of the violation of plaintiffs' First Amendment rights. Although plaintiffs may bring a claim for damages against federal employees who violate their constitutional rights, they must allege personal participation by the named defendants in the alleged deprivation. See Bivens, 403 U.S. at 391-92. However, a defendant's "integral participation" in the violation of a plaintiff's constitutional rights "does not require that each [employee's] actions themselves rise to the level of a constitutional violation." Boyd v. Benton County, 374 F.3d 773, 780 (9th Cir. 2004).

Here, plaintiffs allege a series of conversations and alleged inactions by each named defendant. However, plaintiffs' allegations against defendants Timchak and McMillin during the

relevant limitations period are tenuous at best.[1] Plaintiffs allege that Oberdorfer copied Timchak on e-mails sent to another Forest Service employee regarding his requests for information about site plan compliance and the 1991 application, and that Oberdorfer also e-mailed Timchak about compliance enforcement action at the Gray Butte site and his 1991 application. Complaint, ¶¶ 31, 34, 46, 57, 59. Plaintiffs allege no action or inaction on the part of McMillin after August 2002.

With respect to the remaining four individual defendants, plaintiffs do not allege clearly that each defendant's conduct was a result of and in retaliation for plaintiffs' lawsuits against the Forest Service. In fact, plaintiffs do not allege what lawsuits were filed against the Forest Service, when they were filed, or whether any lawsuits remain pending. I do not find dismissal appropriate at this stage of the proceedings, however, given that plaintiff alleges a cognizable legal theory. Rather, plaintiffs are required to amend their complaint. Although the court must construe the allegations liberally and deem them true for purposes of this motion, plaintiffs are not appearing *pro se;* they are represented by counsel and should identify the legal theories and supporting facts on which they rely.

CONCLUSION

For the reasons set forth above, I find that plaintiffs'

---

[1] The parties agree that only conduct occurring since September 22, 2002 is actionable.

Complaint arguably states a claim for retaliation under the First Amendment, and the Named Defendants' Motion to Dismiss (doc. 25) is DENIED on this ground. However, plaintiffs shall file an Amended Complaint consistent with this opinion within twenty (20) days from the date of this Order.

IT IS SO ORDERED.

Dated this 16 day of May, 2005.

*Ann Aiken*
Ann Aiken
United States District Judge